UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTY ANN BENNETT, and<br>PHYLLIS MARTIN, | § § § | |
| Plaintiffs, | § § | |
| V. | § | CIVIL ACTION NO. 3: 09-CV-00775-B |
| GIRL SCOUTS OF NORTHEAST TEXAS, | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Girl Scouts of Northeast Texas, Inc.'s (hereinafter, "Girls Scouts") Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue (doc. 5) (hereinafter, the "Motion") pursuant to Fed.R.Civ.P. 12(b)(3). Having considered the Motion and applicable law, the Court finds that the Motion should be and hereby is, **GRANTED in part and DENIED in part.**

When a case is filed laying venue in the wrong district, the district court may either dismiss the case or, in the interest of justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a). An action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, both parties agree that the dispute arises from acts which took place at the Girl Scouts Service Center located at 6001 Summerside Drive, Dallas, Texas 75252. This location is in the portion of the city of Dallas which lies within Collin County and is thus served by the Sherman Division of the Eastern District of Texas. Accordingly, the Court finds that venue is improper in the Northern District of Texas.

The Court finds, however, that venue is proper in the Eastern District of Texas, Sherman Division and, in the interest of justice, transfer to that division is appropriate. *See* 28 U.S.C. § 1391(b)(2); 1406(a). Accordingly, the Court **DENIES** Defendant's motion seeking dismissal for improper venue but **GRANTS** Defendant's alternative motion seeking transfer.

For the foregoing reasons, the Court **ORDERS** the case **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Sherman Division.

**SO ORDERED**.

SIGNED September 3, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE